United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 05-70042
_____

JEFFERY LEE WOOD,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice, Correctional Instituitions
Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Texas, San Antonio Division
Case No. 5:01-cv-00423-OLG
_____

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner Jeffery Lee Wood, a Texas death row inmate, seeks a Certificate of Appealability ("COA") to appeal the district court's denial of his claim, asserted in his petition for relief under 28 U.S.C. § 2254, that the definition of duress found in Texas Penal Code § 8.05 violates the Equal Protection Clause of the U.S. Constitution.[1]  Section 8.05 provides criminal defendants with an

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1]Petitioner made a number of additional claims in his section 2254 petition.  The district court denied the petition in its entirety, but granted petitioner a COA on his claims (1) that the trial court violated his right to self-representation, under Faretta v. California, 422 U.S. 806 (1975); and (2) that his counsel provided ineffective assistance during the sentencing

1

affirmative defense if they committed a crime because they were "compelled to do so by threat of imminent death or serious bodily injury." Tex. Penal Code Ann. § 8.05(a). The statute further provides that "[c]ompulsion within the meaning of this section exists only if the force or threat of force would render a person of reasonable firmness incapable of resisting the pressure." Id. § 8.05(c). Wood argues that, because he is not a person of reasonable firmness, the defense of duress is unavailable to him, and that this disparate treatment of the "feeble minded" violates the Equal Protection Clause.

Wood is entitled to a COA on this claim only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Wood "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Wood has not approached the required showing here. First, his claim proceeds from the mistaken premise that, because he is not a person of "reasonable firmness," he cannot assert the defense of duress. But it is clear from the statutory language that anyone, whether of reasonable firmness or not, can assert the defense of duress if the claimed compulsion is such that a person of reasonable firmness would be incapable of resisting the pressure. Thus, while Wood may be less capable of

phase of his trial. Petitioner's appeal on those claims is currently pending in this court.

2

resisting pressure than others, he remains eligible to assert a duress defense if the pressure exerted on him would have overcome the will of a person of reasonable firmness.

In any event, Wood's claim also fails on its own terms. A state statute that does not distinguish among people on the basis of a suspect classification "is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985). There is no shortage of rational reasons why the state of Texas might want to define the defense of duress using an objective standard. In addition, the Model Penal Code and a significant number of states similarly define duress by reference to an objective standard of reasonable firmness, see 2 Wayne R. LaFave, Substantive Criminal Law § 9.7(b), at 81 (2d ed. 2003), yet Wood has not cited any cases in which a court has found that a statutory duress defense violates the Equal Protection Clause because it employs an objective standard. Accordingly, we find that Wood has not made the showing necessary for a COA on this claim, and Wood's request for a COA is DENIED.